IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| IN RE PETITION OF<br>JAMES THOMAS CARLAN | )<br>)<br>)<br>)<br>)    CASE NO. 5:25-mc-3 (MTT)<br>) |

## ORDER

James Thomas Carlan, proceeding pro se, petitions to perpetuate testimony and preserve evidence under Federal Rule of Civil Procedure 27(a). ECF 1. Carlan also requests the Court appoint a "DOJ Whistleblower Coordinator." *Id.* at 2. In addition, Carlan moves to "compel preservation and production of evidence" relating to the same issue (ECF 2) and for the Court "to rule in favor of petitioner" on his Rule 27 petition (ECF 3). But under Rule 27(a), a petition to perpetuate testimony must satisfy five requirements before the Court will grant it. *See e.g., In re Lucas*, No. CV 19-0321-TFM-MU, 2019 WL 6138456, at *2 (S.D. Ala. Aug. 22, 2019) ([A]ll five requirements of Rule 27(a) are required to be met before a petition will be granted under Rule 27"). Moreover, "Rule 27 is not to be used as a discovery statute." *Id*. (citation modified). Carlan's petition does not satisfy Rule 27(a)'s requirements but rather seeks discovery. Thus, the Court **DENIES** Carlan's petition (ECF 1) and subsequent motions (ECF 2, 3).

Under Rule 27, "[a] person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides." Fed. R. Civ. P. 27(a)(1). But Rule 27 "may not be used as a method of discovery to determine whether a cause of action exists; and, if so, against whom action should be instituted." *In re Lucas*, No. CV 19-

0321-TFM-MU, 2019 WL 6138456, at *2 (citation modified). To obtain relief under Rule 27, the petition must show: (1) "that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought"; (2) "the subject matter of the expected action and the petitioner's interest"; (3) "the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it"; (4) "the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known"; and (5) "the name, address, and expected substance of the testimony of each deponent." Fed. R. Civ. P. 27(a)(1)(A)-(E).

Here, Carlan's petition does not satisfy all five requirements set forth in Rule 27(a). The petition asserts Carlan anticipates "a qui tam action under the False Claims Act . . . and in connection with allegations of fraud, trafficking, and public corruption." ECF 1 at 1. But it nowhere demonstrates that Carlan "cannot presently bring [the action] or cause it to be brought." Fed. R. Civ. P. 27(a)(1)(A). The petition does not clearly state "petitioner's interest" in the expected action. Fed. R. Civ. P. 27(a)(1)(B). Nor does it list "the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known," or "the name, address, and expected substance of the testimony of each deponent." Fed. R. Civ. P. 27(a)(1)(D), (E). Thus, the Court **DENIES** Carlan's petition and the miscellaneous relief requested therein. ECF 1.

Carlan's subsequent motion to compel preservation and production of evidence fares no better. Carlan asks the Court to preserve and order the production of evidence,

citing Federal Rule of Civil Procedure 27(a)(3).[1] ECF 2 at 1. But again, Carlan must satisfy the requirements set forth under Rule 27(a)(1) to receive relief under Rule 27, and Rule 27 is not to be used as a discovery statute. Thus, the Court also **DENIES** Carlan's motion to compel preservation and production of evidence (ECF 2).

Carlan finally asserts that because "responding parties" did not object to his petition, the Court should grant it by default. ECF 3 at 1. To the contrary, the Court may only grant Carlan's petition if it satisfies Rule 27(a)'s five requirements. Carlan's petition fails to do so, so the Court also **DENIES** Carlan's motion to rule in his favor (ECF 3).

In sum, the Court **DENIES** Carlan's Rule 27 petition (ECF 1) and subsequent related motions (ECF 2, 3).

**SO ORDERED**, this 31st day of October, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] Carlan also cites Federal Rules of Civil Procedure 26 and 37, which he acknowledges apply "[o]nce an action is pending." ECF 2 at 1.