**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

|  |  |
|---|---|
| **IN RE PETITION OF** <br> **JAMES THOMAS CARLAN** | ) <br> ) <br> ) <br> ) <br> )    **CASE NO. 5:25-mc-3 (MTT)** <br> ) |

## ORDER

On October 31, 2025, the Court denied Petitioner Carlan's petition to perpetuate testimony and preserve evidence because it failed to satisfy all five of the requirements set forth under Rule 27(a) of the Federal Rules of Civil Procedure. ECF 4. Petitioner moves for reconsideration, arguing his petition satisfies Rule 27(a)'s requirements. ECF 5.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806 at *1 (M.D. Ga. Jan. 21, 2010) (citation modified). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id*. "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1223 (M.D. Ga. 1997).

Carlan argues the Court clearly erred by misapplying the five elements of a Rule 27(a) petition.[1] ECF 5 at 1. The Court disagrees. *See* ECF 1; ECF 4. Carlan's petition clearly fails to satisfy all five requirements. *See* ECF 1; ECF 4. In Carlan's motion for reconsideration, Carlan attempts to satisfy Rule 27(a)'s five requirements by, in essence, recasting his petition. *See* ECF 5. But a motion for reconsideration does not afford Carlan the opportunity to recast his petition. *See Bingham*, 2010 WL 339806 at *1 (describing grounds for reconsideration).

Moreover, the additional information in Carlan's motion for reconsideration still fails to show he can satisfy all five requirements. For example, to obtain relief under Rule 27, the petition must show, among other things, (1) "that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought." Fed. R. Civ. P. 27(a)(1)(A). Carlan's motion for reconsideration, at the very least, fails to demonstrate that Carlan expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought. Carlan explains he has attempted to commence litigation but that his claims have been dismissed at the pleading stage. ECF 5 at 2–3. Carlan does not say whether these dismissals were with prejudice, but in any case, dismissal of a prior

---

[1] Carlan also requests the Court clarify which Rule 27 elements his petition fails to satisfy. The Court's Order denying his petition is sufficiently clear:

> Carlan's petition does not satisfy all five requirements set forth in Rule 27(a). The petition asserts Carlan anticipates "a qui tam action under the False Claims Act . . . and in connection with allegations of fraud, trafficking, and public corruption." ECF 1 at 1. But it nowhere demonstrates that Carlan "cannot presently bring [the action] or cause it to be brought." Fed. R. Civ. P. 27(a)(1)(A). The petition does not clearly state "petitioner's interest" in the expected action. Fed. R. Civ. P. 27(a)(1)(B). Nor does it list "the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known," or "the name, address, and expected substance of the testimony of each deponent." Fed. R. Civ. P. 27(a)(1)(D), (E).

ECF 4 at 2.

-3-

lawsuit does not show that Carlan anticipates future litigation but cannot presently bring it or cause it to be brought.

Accordingly, Carlan's motion for reconsideration (ECF 5) is **DENIED**.

**SO ORDERED**, this 13th day of February, 2026.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT