**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

|  |  |  |
|---|---|---|
| **IN RE PETITION OF** | ) | |
| **JAMES THOMAS CARLAN** | ) | |
| | ) | |
| | ) | **CASE NO. 5:25-mc-3 (MTT)** |
| | ) | |

## ORDER

Petitioner James Carlan moves to appeal *in forma pauperis* ("IFP"). ECF 13.[1]

Applications to appeal IFP are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24.

28 U.S.C. § 1915 provides:

(a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
…
(3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Federal Rule of Appellate Procedure 24(a) provides:

(1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
    (A) shows … the party's inability to pay or to give security for fees and costs;
    (B) claims an entitlement to redress; and

---

[1] Carlan has filed several judicial misconduct complaints against judges of this Court, two against the undersigned. To the Court's knowledge, all those complaints have been promptly dismissed. In his judicial misconduct complaints, Carlan sometimes complains that judges have not recused from his cases. To the Court's knowledge, Carlan has filed only one motion to recuse. *See Carlan v. Royal*, 2025 WL 3252644, at *1–2 (M.D. Ga. Nov. 21, 2025). That motion was denied. *Id.* Moreover, Carlan's dismissed judicial conduct complaints do not require recusal. *See* 2 GUIDE TO JUDICIARY POLICY, ch. 2, pt. B, § 220, no.103 (2009).

(C) states the issues that the party intends to present on appeal.
(2) …. If the district court denies the motion, it must state its reasons in writing.

The Court, therefore, must make two determinations when faced with an application to proceed IFP. First, it must determine whether the appellant is financially able to pay the filing fee required for an appeal. After a review of Carlan's affidavit, the Court finds he is unable to pay the appellate filing fee. *See* ECF 13.

Next, the Court must determine if the appellant has satisfied the good faith requirement. "'[G]ood faith' … must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The appellant demonstrates good faith when he seeks review of a non-frivolous issue. *Id*. An issue "is frivolous if it is without arguable merit either in law or fact." *Rotte v. United States*, 2019 WL 11766213, at *1 (11th Cir. June 20, 2019) (citing *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002)). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous … when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an IFP appeal is frivolous, a district court determines whether there is 'a factual and legal basis … for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

In his "Petition to Perpetuate Testimony and Preserve Evidence Under Federal Rule of Civil Procedure 27," Carlan, a "prospective whistleblower," says he wants to take depositions "to preserve testimony and evidence in anticipation of a qui tam action under the False Claims Act (31 U.S.C. §§ 3729–3733) and in connection with

allegations of fraud, trafficking, and public corruption."[2] ECF 1 at 1. Carlan appeals from the Court's Order denying his Rule 27(a) Petition and related motions (ECF 4) and his motion for reconsideration (ECF 7). ECF 10.

In the Court's Order denying Carlan's request for Rule 27 relief and adjacent motions, the Court explained that to receive Rule 27 relief, a Rule 27 petition must satisfy five requirements. *See* ECF 4 at 2; Fed. R. Civ. P. 27(a)(1)(A)-(E). The Court highlighted specific deficiencies in Carlan's petition and denied it. ECF 4 at 2. Among the deficiencies the Court highlighted, the Court explained that Carlan failed to satisfy Fed. R. Civ. P. 27(a)(1)(A), which requires a showing, "that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought." *Id*. Carlan moved for reconsideration and, in essence, attempted to recast his petition. *See* ECF 5. The Court denied Carlan's motion for reconsideration, holding that a motion for reconsideration does not afford Carlan the opportunity to recast his petition, and, in any case, Carlan still failed to satisfy Fed. R. Civ. P. 27(a)(1). ECF 7 at 2–3. The Court again highlighted that Carlan failed to show he "expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought." Fed. R. Civ. P. 27(a)(1)(A); ECF 7 at 2–3. In his motion, Carlan asserted that he could not bring an action or cause it to be brought because, though he has attempted to commence litigation, his claims are repeatedly dismissed at the pleading stage. ECF 5 at 2–3. Dismissal of a prior lawsuit does not show that Carlan

---

[2] The Court notes the role of a *qui tam* relator in discovery is limited because "the Government can intervene, monitor and limit discovery, and settle the action without relators' consent." *United States ex rel. Wallace v. Exactech, Inc.*, 703 F. Supp. 3d 1356, 1364 (N.D. Ala. 2023) (citing 31 U.S.C. § 3730). Typically, no discovery is conducted by relators until the Government has decided whether to intervene. In the Court's considerable experience, that decision-making process is lengthy.

anticipates future litigation but cannot presently bring it or cause it to be brought. If anything, those dismissals show Carlan has not asserted viable claims.

In short, the Court's review of the issues addressed in those Orders (ECF 4, 7) demonstrates that Carlan's appeal is frivolous. *See Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) (explaining that the arguments to be advanced on appeal are often obvious and decisions regarding good faith can be made by looking at the "reasoning in the ruling sought to be appealed" instead of requiring a statement from the plaintiff). The appeal, therefore, is not brought in good faith. Carlan has raised no issues with arguable merit.

Consequently, Carlan's application to appeal IFP (ECF 13) is **DENIED**. If Carlan wishes to proceed with his appeal, he must pay the entire $605 appellate filing fee.

**SO ORDERED**, this 3rd day of April, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT